REQUESTED BY: Dear Senator Cope:
This is in reply to your letter dated March 26, 1980, concerning section 18-1214, R.R.S. 1943, and legislation which you have introduced.
Specifically, you ask our opinion whether or not section18-1214, R.R.S. 1943, allows cities of the First Class to levy a wheel tax for the purpose of maintenance of streets.
Section 18-1214, R.R.S. 1943, provides in part:
 ". . . Such taxes shall be credited by the county treasurer to the road fund of such city or village, such funds to be used by such city or village exclusively for constructing or resurfacing dustless-surface street improvements on arterial rather than residential routes, and for the amortization of bonded indebtedness when created for such improvements, but not for maintenance nor equipment purchases."
In our opinion, the wording of the statute is so clear that it does not need interpretation. The statute clearly states that the funds are `to be used exclusively for . . . constructing or resurfacing dustless-surface street improvements . . . but not for maintenance, nor equipment purchases.' (Emphasis added).
The statute clearly states for what purposes the funds may be used and that they may not be used for maintenance.
In City of Grand Island v. County of Hall, 196 Neb. 282,242 N.W.2d 868 (1976), at page 285, our court has stated:
 "Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning and this court cannot read a meaning into a statute which is unrelated by legislative language, nor can it read plain, direct, and unambiguous language out of a statute. . ."
It is the opinion of this office that the provisions of section 18-1214, R.R.S. 1943, do not allow a city of any class nor a village to levy a wheel tax for the purpose of maintenance of streets.